made large profits by an illegal traffic, it could not be said that they insured for illegal profits. They lost no "profits" by the fire, and they make no claim for "profits." The question of profits only came into the case as a factor in the problem to be solved, namely: How many goods were left in the store at the date of the fire, and what, therefore, was the actual loss, not of profit, but of property?

Lastly, it is said that by the process carried on in the premises of plaintiffs of reducing liquors by the mixing of water and the making of cocktails, etc., the risk was increased, and therefore there should have been no recovery. The proof upon this point was not so clear as to satisfy my mind that, as a question of law, the risk was increased. The high-proof spirits were passed into tubs and diluted with water. There was no fire or light in that part of the building, and smoking was prohibited anywhere in the premises. I am not able to say, as a question of law, that risks were by these precautions increased, and I was not asked to say so to the jury. I do not think a new trial should be granted for this last reason assigned.

I believe I have noticed all the matters stated in writing or orally upon the argument as reasons why a new trial should be granted, and am satisfied that none of them are well taken. The case was laboriously and ably tried by counsel for the parties. The jury was one of exceptional intelligence and experience in affairs, and in my judgment their verdict rendered substantial justice between the parties. The motion for a new trial must be overruled.

## Case No. 1,146.

### Case of BAYNE.

[Cited in U. S. v. Anderson, Case No. 14,452. Nowhere reported; opinion not now accessible.]

BAYNE, (MAY v.) See Case No. 9,331.

## Case No. 1,147.

### BAYSAND v. LOVERING et al.

[1 Cranch, C. C. 206.] [1]

Circuit Court, District of Columbia. Dec. Term, 1804.

#### EXECUTOR DE SON TORT—LIABILITY.

An executor, de son tort, is liable for the value of the goods taken and used.

At law. Assumpsit on bill of exchange, [against Lovering and wife as executrix de son tort of Andrew White.] Pleas never executrix, non assumpsit, and limitations.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

Morsell, for plaintiff.
Mason, for defendant.

THE COURT instructed the jury that if they should be of opinion that the defendant took the goods of the deceased and used them as her own, and not for safe keeping, she is chargeable as executrix in her own wrong to the amount of the goods so used.

## Case No. 1,148.

### The BAY STATE.

[Abb. Adm. 235; [1] 6 N. Y. Leg. Obs. 198.]

District Court, S. D. New York. April Term, 1848.[2]

COLLISION—EXTRAORDINARY PRECAUTIONS IN HARBOR—SAILING VESSEL IN FOG—SIGNALS—CUSTOM OF LONG ISLAND SOUND.

1. A steam vessel running into harbor, or through the common thoroughfare of other vessels, is bound to take extra precaution against collision with sailing vessels; and in the night, or in case of a fog, must move with great circumspection, or even lay-to or anchor, according to the danger of encountering other vessels.

[Cited in The Rocket, Case No. 11,975.]

2. A sailing vessel at anchor or lying-to in a dark night or in a dense fog, is also bound to take such precautions as may be in her power, to give warning of her position to other vessels, whether steamers or vessels under canvas, which may be nearing her.

3. Under the usages of navigation upon Long Island sound, the blowing a horn, the ringing a bell, or the beating upon an empty barrel or upon an anchor, is a reasonable precaution which a sailing vessel lying-to in a fog is bound, as towards a steamer which may come in collision with her, to take, in warning off such steamer. (Since reversed.)

[Cited in Jones v. The Hanover, Case No. 7,466. Disapproved in The Rockaway, 19 Fed. 452.]

[See note at end of case.]

4. The rule of equal contribution should be applied in cases of damage caused by a collision for which both colliding vessels are mutually in fault.

[Cited in The Atlas, Case No. 633; The Comet, Id. 3,050; Vanderbilt v. Reynolds, Id. 16,839.]

In admiralty. This was a libel in rem, by Goldsmith Wells and others, owners of the schooner Oriana, against the steamboat Bay State, to recover damages for a collision between those vessels. [Decree for libelant. This was afterwards reversed by the circuit court in The Bay State, Case No. 1,150. The decree of the circuit court was affirmed by the supreme court in McCready v. Goldsmith, 18 How. (59 U. S.) 89.]

Francis B. Cutting, for libellants.
Daniel Lord, for claimants.

BETTS, District Judge. The facts directly pertinent to the merits of this case are these:

---

[1] [Reported by Abbott Brothers.]
[2] [Reversed in Case No. 1,150, and that decree affirmed in 18 How. (59 U. S.) 89.]